The next case is FIH v. Barr This is a case of FIH v. Barr Good morning. My name is Jeff Smith. Next to me is Ethan Smith. No relation, but he's definitely smarter. I guarantee you that. I'm here on behalf of FIH, the economist case. The events underlying this appeal began with the issuance of the mandate in the last appeal. As you may remember, Judge Lynch, the district court granted summary judgment against FIH on its 10b-5 claims, and in the same opinion, declined to exercise supplemental jurisdiction over the state law claims, quote, because no federal claims remained to be tried, citing 1367c-3, of course. The judgment encompassed both the state and federal claims, a singular document. FIH appealed from that judgment, including the state law claims. In its briefs, that fact was noted as well. Judge Lynch, in an opinion you wrote, you reversed the district court on the section 10b claims. You vacated the judgment, which, as noted, included the state law claims, and remanded for further proceedings consistent with the in that opinion, really, except maybe in the history of the case, to the state law claims. There was no decision made about the propriety of what the district court did. Correct, because the district court had dismissed on the basis of 1367c-3. Yeah, but I mean, what I'm having trouble understanding is you are suggesting that the district court violated our mandate, as if to say that we instructed that the state law claims needed to be in the case, as opposed to, at most, at most, that the district court should reconsider that. I mean, that would be what, if the brief in the first place had asked for, if there was a point in the brief, as there often is, that says, oh, by the way, point six or four or nine or the last thing in the brief is, and while you're at it, since the basis for dismissing the state law claims was the absence of the federal law claims, that's now vacated. But even that, at most, means that the district court should reconsider it, right? I would say the last sentence of the brief, in reply, asks exactly that. Oh, yeah, in the reply brief, for the first time, after the other side said, by the way, they've waived that by not raising it in the affirmative brief, and therefore the whole thing should be out now. It's, in effect, an affirmance, because they've abandoned their state law claims. And then, in the last sentence of the reply brief, for the first time, you said, oh, by the way, we'd like that to be vacated, too. But none of this, none of this, even if you had asked for it in the first place, it would not be for us to direct the district court to consider these state law claims. It would be for us to say, you relied on this, but that's no longer extant, so go back and rethink it. And didn't Judge Arderton, this is, right? Then go back and do just that. And maybe she didn't get the right answer. That's your second point, and that's one that we should consider. But that's not to say that we told, by reversing the dismissal of the federal claims, which was the sole subject that was discussed, that we somehow directed that never again shall you dismiss these state law claims. I believe, Your Honor, that you vacated the judgment. So what? So then the judge, what does that, excuse me, excuse me, what does that require the district judge to do with respect to pendent jurisdiction? It means they were, the claims were reinstated, and I'm not arguing that if she wanted to, to reconsider and find some basis other than 1367C3, she could have done that, but that's not what she did, as you're aware. Well, didn't you raise it in the district court? During the district court, we did raise it, and, you know. And what did she say? She said nothing, and that's kind of the sad thing. You know, what happened here is five days after the mandate, the case goes totally off the track. She calls a hearing. She says, gee, this court didn't say anything about the state law claims. Maybe I don't have to hear them. Wouldn't that be swell because it would make the trial a lot simpler to hear? She said, give me some expedited briefing on that issue as to how it should be decided. That expedited briefing was done in May. In October, there still was no ruling. One week before the trial was supposed to start, she issues an order saying, I have exercised my discretion. All right. So that's either an abuse of discretion or it's not an abuse of discretion. So why don't we hear about this and stop saying that we somehow told her how to exercise her discretion and that by exercising it in a particular way, she violated our mandate as opposed to she didn't make the right decision. Well, clearly that much is true, and I'll move on, Your Honor. I'm sorry. I guess my belief was that when you vacate a mandate that dismisses state law claims, they come back. But I guess I'm wrong about that. Maybe they did come back. But you just told me that she then dismissed them again, maybe wrongly, maybe arbitrarily, maybe improperly. Fine. We'll hear that argument. But she was not required to try the case, by anything in our opinion, to try the state claims. She was – she did not dismiss them again. She adhered to her prior, prior ruling. Counsel, she declined to reinstate them. She cited efficiency and comedy. Tell us why that was an abuse of her discretion. It's an abuse of her discretion because under 1367A, which Your Honor wrote in Sharia, you must have a C factor. 1367C must be satisfied. Otherwise, it is compulsory. That's well settled. There are many cases so pointing out in this circuit. She never identified a C factor. The only C factor she ever mentioned was C3. I don't have a problem, Judge Lynch, if she wanted to reconsider this on appeal and make a new decision and enter it in law. She did allude to the fact that there could be novel issues of state law, didn't she? She did allude to that. And that's a factor. She never identified any such novel issues of state law. And she actually said, I can't tell if there are novel interests of state law. May I ask you a practical question? Yes. Even if we were to agree that when it went back to the district judge and the federal claims were reinstated, it would have made sense to deal with the state claims too. That's not where we are now. You have a judgment on the federal claims. You're challenging it. I want you to assume just for the moment that we are not persuaded to vacate or reverse the judgment on the federal claims. So the only thing left is the state claims. Even if we agreed that there was error by the district judge on the initial rematch, right now, why should the state claims be tried in federal court rather than in state court? I mean, states do have interests in deciding and pronouncing on their own law. So tell me why, if the only relief we were to give you were on the state claims, it would warrant them being tried in federal court. Katzen, which was decided in 2018 by this court, would suggest even if the federal claim were not reinstated, the state law claims should be tried in the district court. And I think the reason for that. And the case you're relying on, excuse me, one more time. K-C-A-T-Z-I-N. In 2018, it was written by Judge Parker. And they do a very elaborate analysis of precisely this whole situation, and it's quite clear. Tell me, what is the rationale? Well, I think the rationale is, first of all, Congress made a judgment that if federal claims and state claims involve the same case or controversy, they're supposed to be tried together. No, no, I understand that. And if they were all to be tried together, that certainly is what Congress intended. What is not as apparent to me is this scenario, where if the federal claims were all disposed of, that Congress's intent would be for the state claims to be tried in state court, because that's what should have happened. Well, the answer is I can't tell you what Congress's intent is. I can only say what this Court has said. And you are obviously free to reconsider that. Well, the Court does allow for remand to the state court in extraordinary circumstances. I mean, why wouldn't this be fitting within that? It probably could if she had articulated that. But she didn't articulate that. So do we remand it for her to say that now, that we remand it and Judge Artherton would say, well, assuming, assuming that the circuit affirmed the judgment on the federal case, this is coming back to me with no other federal claims, that's an extraordinary circumstance, and I'm going to let it go back to state court. How would you be prejudiced by that? How would I be prejudiced? Yes, sir. Judge Radji, I think the answer is I've already got an entire case in the can. You've got the entire case? In the can. It was ready to go to trial a week later. Right, but whether you go back and start it. It's still in the can, whether you go back and put it before a state court or before a federal court. Precisely why this should have been reversed and we should go back to where we started. So is this because the district judge, we would say, made a mistake, the district judge has to pay the penalty? I don't say the district judge pays the penalty, but I say the district judge is supposed to follow what this circuit told it to do, and this circuit remanded the federal claims, and basically that was the factor she relied on in her decision. No, no, I understand that. I'm just saying that we have to deal with the reality of where we are now, and is there any prejudice to you if the case goes back to state court? The answer is if this court is not going to find for us a federal claim, and I would urge you to because I believe it. Right, I know that. But if they were to send merely the state court clauses back to the state, to the state court, that the judge's so-called refuse to reinstate order was not effective way back in the time of the... I understand what you're talking about. The question that you were asked was, is there any way in which you would be prejudiced? Assuming that we find no error that requires a retrial of the federal claims in federal court, how would you be prejudiced if the ruling was, well, now at this point there's no longer any efficiency gain, since now there are no federal claims left, how would you be prejudiced in going back to the state court? If you clearly reversed the declination order, I would not be if you clearly reversed it. If you leave it as it is, it effectively creates a whole raft of statute of limitations issues because she's purporting to leave her original decision in October, as opposed to reaching a new decision based, like Judge Rasche says, maybe on novel questions or whatever she wanted to pick, assuming she could make the right findings to support it. But that would have been a decision that was made in October. Instead, we're now going to confront in state court arguments that the statute of limitations is run because this original order... if you really cared about the state court claims by filing a protective action in the state court when the state claims were dismissed in the first place and saying we're happy to have this state and we're just going to come back here if the federal case, depending on how the federal case comes out. That could have been done, but we were on appeal to this court and FIH won and we won the case. And so, I mean, I don't know why we would assume we were not going to... Well, you might have also asked in the blue brief in the first place for some ruling with respect to this dismissal. But you didn't, and it was only after the other side pointed out that for the first time that you hadn't and accused you of abandoning your state claims that in one line in a reply brief, without any argument, you asked finally for something to be done about the state claims. And frankly, we all missed it. You know why we missed it? Because you're not allowed to bring up something that's new in the reply brief. That was your problem. I didn't. With all respect, Your Honor, I think... The only reference in the blue brief in that case to the state claims was in the history section that mentioned that this all happened. There's no request for relief with respect to the state claims anywhere in the argument section in the conclusion. It was mentioned, Your Honor, as a source of subject matter jurisdiction, 1367C. This Court, it knows that when this Court reverses on 1367C, it reinstates. It does that in case after case after case where counsel asks for it. Your Honor, take a look, if you will, at Kiola. Take a look at the other briefs that we've put in our brief and showing you that's simply not true, I'm afraid. It really isn't. And, you know, I can't... And can you tell me, by the way, the citation to Katzen again? Because I couldn't find it in the table of authorities in anybody's brief. I don't think it was cited before. It was cited frequently, Your Honor. I'll give it to you. What's the name of it? In one minute. Is Katzen not the first name in the case? No, no, it is the first name. Oh, with a C.  Katzen with a C. C-A-T-Z-I-N. Got it. Understood. Got it. Fine. I got it. I got it. I got it. Thank you. I found it. It's in your table of contents. Thank you. I think we've probably beaten this issue to death. I would like to have some chance to address the merits of the trial if the court will allow it. Why don't you take two minutes to address the merits of the trial? Okay. I did lay this out in our briefs, and hopefully you'll have a chance to read them and see what... We had a chance. We've read them. Thank you. Good. Our basic fundamental point is that the defense was allowed to articulate a theory of law, a defense, which it described as a hyper-technical defense, that if the purchaser, plaintiff FIH, did not itself pay for the securities, if they were paid on their behalf as a matter of law, there is no loss. That's simply not the law. It's not in 10b-5. It's never been appeared in any decision of any court in the land. And this judge allowed the theory to be presented to the jury. She allowed it to be tried to the jury. She allowed evidence on theory. And when she got to her instructions, she said absolutely nothing about whether... Could I just ask you one simple question about this? Yes. What instruction did you request on that subject? We requested that she state... We requested it several times. We requested she state that it did not matter whether the loss, the money was paid by an affiliate or not. That was not relevant for 10b-5 purposes. And we asked her to say that who took the tax loss, if anyone, was likewise not relevant. But she agreed to say and said the entity that holds an interest in a security suffers an economic loss if the investment experiences a decline in value. And you responded, that seems fine to me. And it does seem fine to me, too. It is fine, Your Honor. But what isn't fine is when the no loss is a damage element. And she basically allowed the defense to say if this security was not paid for by the actual plaintiff, if it was borrowed money from the bank, if it was paid for by an affiliate. That means they have no claim. Now, I didn't understand that. I thought the district judge's point made clear that you would have satisfied the injury requirement. Now, how much you were injured might depend on what the financial arrangements were among diverse parties. But I thought the district court's instruction pretty much protected you on the, you know, were you the injured party here. I agree. And we didn't object to that part of the instruction. But you're not entitled to an instruction that necessarily gives you all of the injury. Your adversary would have been entitled to suggest that you were either compensated or you had never been out of pocket or whatever the arrangements were. I thought your argument was that the district court, by a failure of instruction, basically let them argue that you couldn't show that you were an injured party. Did I misunderstand? Effectively, that is what the district court allowed by not addressing the issue of whether an affiliate makes the contribution used to pay for the security is totally irrelevant. I'm sorry, but could you remind me again why the instruction that Judge Livingston just quoted to you doesn't say exactly that? It doesn't say. It does not. His argument was. It says the party who makes the investment suffers the loss. Correct. And that's you. You're missing what had already been argued to them and which was the whole effort was that wasn't the problem. It was the problem that he was arguing that we did not pay the money ourselves and that meant under the law we had no loss, period. That's what he argued, and that was never addressed. And this instruction seems to contradict that because if you hold an interest in a security, you suffer an economic loss if the investment experiences a decline in value. So you could say in closing, listen to the court's instructions. It is clear we are the holders of this security. It suffered a loss in value. We suffered economic loss. And you're not entitled to get your theory of the case written into the instructions. I agree. But if you look at what started in the opening and went right through the trial, it was all about the fact that FIH did not itself put up the money, and according to defense counsel and only defense counsel, that is a defense. Yes, and only defense counsel because the judge charged him out of court on that by giving that instruction. So isn't that the very curative instruction that, in effect, this guy's been arguing all this stuff, but ladies and gentlemen, listen to what the judge tells you. This is what the judge is going to tell you, and there it is. We tried to address, Your Honor, this issue before the trial. We tried to address it during the trial. We tried to address it during evidence. We could never get the district court to rule on the issue. And finally, finally, this whole trial was about something that was not disputed. It was not disputed that our parents paid the money for the purchase. There's nothing in 10b-5 that prohibits it, not one single thing. And his whole defense was built around that that's somehow improper under Section 10b. It's not. He doesn't have a single case. He's never had a case since he first articulated this theory. Which I guess is why the district judge gave an instruction that gave your side of that and said, here's who suffers the loss, period, end of story. I submit, Your Honor, that it's really a legal issue. Is it true that if a parent or a bank finances a purchase, then you don't have any damages? Now, that will turn. If you were to hold that, by the way, that would totally turn it. I'm sorry, but where legal issues are resolved is in the jury instructions, and there it was. It was not resolved. That specific issue of whether you had to pay the money yourself was never resolved. It was never addressed. The only person who kept hammering it and hammering it, we had a trial. The fact was stipulated, stipulated in 26 and Rule 56 stipulations, and we're having a trial putting in stipulations. It was crazy. Absolutely no sense. It was judicially admitted. There was no dispute that FIH owned the security. There was no dispute. Judge Smith, I think we understand your argument, and you reserved a minute of rebuttal. Do you want to continue to reserve that? I'll try, yes. I'd like to hear what my opponent has to say. Thank you very much for indulging me. Good morning. My name is Joseph Pastore. I'm counsel to the defendant's appellate. I was trial counsel in this case. I'll start with the issue of the state law claims. Mr. Pastore, can you pull the mics up a little higher? Thank you very much. I apologize. I can't hear me through the mask. It muffles all of us. It muffles everybody. With respect to the state law claims, it's our position that there was no mandate from this court that they be reinstated, and that was because the FIH parties failed to ask this court to do so. There was no point heading on the state law claims. There was very little, any discussion in the brief. There was no request. Let's assume we agree with you so far. I mean, the decision, when it goes back down, the district court needs to reconsider, and that decision is not very robust. I mean, the court doesn't identify which subsection of 1367C that it's relying on, and it obviously can't rely any more on the fact that the federal claim has been dismissed. I think the way you have to look at it, Your Honor, and I think what Judge Arderton intended, was I'm declining to reinstate these. I dismissed them previously, and I'm not taking them back on. And I dismissed them previously with several pages in my decision. I think page 33 of her original decision of 34. All right, but the ground for decision to the extent it was primarily the dismissal of the federal claims is no longer sound. No, no, no. It was not primarily. Respect. Please. No, help me out. Several. I would say 80% of that discussion was on novel issues of state claims, interrelationship between the State Securities Act and the Federal Securities Act, issues of comedy, issues of the fact that there was an existing. At that point, my client filed a complaint in state court. There was already a state court complaint to go counterclaim against. She does that analysis in the original motion, the summary judgment, and then addressed in state. And this decision, the October 2019 decision, is not a new analysis. It's saying I'm standing by my old analysis. So I would suggest to this Court that the original analysis in the summary judgment is where she lays out the issues that are subject to whether or not she abused her discretion. So you're saying that the prior discussion is effectively incorporated by reference in the second discussion? I think it has to be because she's not saying I dismissed them. I understand. Yeah. But then when we go back to that, we would have to look at that and see whether that discussion, stripped of the problem that the federal claims are being dismissed, still provides an adequate basis for the exercise of discretion not to adhere to the state law claims. I agree. And I think the judge gives a couple pages on why not. And I think the decision at issue here is simply saying please go back and look at my prior decision, because I previously dismissed this and I'm declining to take it back on. Okay. But unlike Mr. Smith, you're not contending that our decision resolved that issue either way. I'm not contending that your decision resolved that issue. That's correct. Okay. You think, however— You're not suggesting that we—he's saying we implicitly directed the district court to consider the case. You're not saying that we implicitly affirmed that decision. Correct. And I think that's what Judge Artickson says in her ruling declining to retake the state claims. She says the Second Circuit did not give me a mandate here, so I've got to contemplate this, and I'm going to rely upon what I previously said, that there's an existing state court case, that there's issues of the interplay of the securities laws, there's issues of comedy and justice. That's what she does in her original ruling, I believe it's page 33 to 34. And that, I think, is not an abusive discretion. What are the novel issues of state law that the judge was referencing? She did not give great detail on it, but she did give more detail than counsel has described. She talks about—and if I could read my notes without my glasses— the substantial difference in the elements of a claim under 10b and the elements of state statutes and common law issues. So she's basically saying the elements of a state securities claim and the elements of a federal securities claim are different and potentially novel, and therefore that's one of the issues and one of the reasons I'm exercising my discretion to dismiss the state law claim's original. Yeah, this is all at A67 to 68 of the appendix. That's correct. At the end of the summary judgment. Yeah, it's about two pages. Yeah. And with respect to that, I'll just let the Court know that there is an existing state law claim brought by my client that my firm has now become counsel and originally we were not. FIH has asserted those counterclaims in that case. The judge, wise judge in state court, has stated, pending this decision, those counterclaims are attached. Even more important, they've attached recoupment claims. Recoupment is sort of like a—it's different than set off. It's a little arcane, but it's a way you can have your claims heard as a defense to our affirmative claims and create somewhat of an offset. Has there been a—is there a motion pending in the state court to dismiss those on statute of limitations grounds? We moved to dismiss the counterclaims on the statute of limitations grounds that state. We moved to dismiss the recoupment claims on other technical issues, and we lost. The recoupment claims are in the case. But the statute of limitations issue is still pending before the state court. Is that the status? On the counterclaims, but not on the recoupment. On their state law claims that are parallel to this. The recoupment claims and the counterclaims are the same exact claims. All they did in the recoupment claim is say CR counterclaims. It's just a different legal vehicle. So you lost us to the recoupment claims. But as to the case—the claims that were pending in this court at one time, that matter has stayed pending this panel's case. True. And in fairness to this panel, so you understand, the statute of limitations is not a valid defense generally on recoupment, and it is on a counterclaim. So I'm sorry. Sure. That's a complicated issue. That leaves what — whose claims by either you or the plaintiff are still existing in state court? Correct. Which ones? The state law claims that were declined — that Judge Arbutin declined to take back are pending in state court, subject to the ruling by this panel, because the court didn't want to duplicate afterwards. Right. But then still subject to the statute of limitations. Still subject to the statute of limitations. And it's your position that the state court should dismiss those on statute of limitations grounds. Yes. It's our view that because they didn't brief the issue before you the first time, that's their fault, their problem. They might have informed shopping at the time. Remember, they weren't too happy with Judge Arbutin. They made a choice in our view. They could have put a point in about it. They should have filed a protective action, or they should have immediately, upon the declination order in October, filed a counterclaim. They waited five months. So not only did they wait originally, but after Judge Arbutin in October 2019 says, I'm declining to restate these claims, they should have run to court the next day and filed the counterclaim. They waited five months. So, yes, we do stand by our statute of limitations position in state court. So 1367d was their escape hatch, and either at the first time that Judge Arbutin dismissed them or at least the second time, they could have gone to state court. Correct. But just to let the panel understand, the recoupment claims, which essentially forms an offset to our offensive claims, survive. Survive the motion to dismiss, survive statute of limitations. They will be able to present their claims as a defense to our claim in the minimum in state court no matter what. They will have their day in court on their position in state law claims. Well, they'll have their day in court, but if they don't have the affirmative claims, they won't get any – they can defeat your claims. They won't get an affirmative recovery. They will have the opportunity to defeat our claims with those claims at a minimum. Okay. And, you know, their own choices with respect to their counterclaims are their own choices. Briefly, we'll be a minute to go with respect to the trial. Judge Arbutin is a very, in my opinion, respected, fine judge. This was a civil, reasonable, fair trial. The primary overriding issue that we convinced the jury of was that FIH did not reasonably rely on the supposed misrepresentations. We demonstrate to the jury that FIH knew everything about the foibles of these people in this company before they invested. And because we demonstrated that so conclusively to the jury, it's my view that that's why the jury denied the Federal Superior's claim. That was the entire emphasis in my closing of the entire case. This reliance was not real. This reliance was fake. No one would hear that the senior partner at the hedge fund is crying in the hallway and make the investment unless it was all just about the bet on the strategy. With respect to the loss issue we talked about, that was a small part of the case, not a big part of the case. I lost the motion in limine. I tried to have that put before the jury. I lost. I lost the jury instruction. The judge clipped my wings on this theory. Whether I'm right or wrong, we can discuss some other time, but my wings were clipped. I thought the judge's instruction was fair ultimately, and counsel said that's fine. But you did continue to argue even once the judge indicated how she was going to charge that you did argue about who paid for it, who wrote off the loss, et cetera. What was the relevancy of that once you knew how the judge was going to charge? The thesis of our case was that the FIH parties, the Milsteins, were not reasonably relying upon these false representations because they knew they were false. And as a result, they were just simply placing a bet because if they hit, it was going to make them $600 million. I understand that. What I don't understand is why it mattered to that argument who paid for the security and who wrote it off. We were trying to show the substantial flippancy. That's not really a word, I think, but the cavalierness with the money. In other words, this wasn't a party that invested its entire net worth or savings or anything in this business. They didn't even put up the money. It came from somewhere else. That's why we said they would put the chip on the roulette wheel because it was like you and me putting a dollar bill on a roulette wheel. We're not going to worry about it too much. If it's our life savings, we're going to hang on every word someone says to us. But if it's just a dollar bill to us, we're not going to care as much. And that's the reason the jury found him unfavorable. They found that they knew all these things were false, and they put the dollar bill down anyway. And when it didn't come up, they wanted the dollar bill back. It wasn't that they were deceived. It's that they placed a bet because there was so much opportunity in this strategy. When the bet didn't work, they wanted the money back, and the jury didn't find that appropriate. Thank you. Judge Lynch, I'm not going to try and tell you what you did or didn't do in FH1. I know you wrote the opinion, so if you say you didn't consider the issue, then I will certainly accept that that was true. But I would also note that there is literally no case that I can find anywhere that requires you to set forth a state law issue as a separate issue on appeal. They haven't identified any. I haven't found any. Maybe the prior counsel who handled that appeal could have done a better job. But maybe it was just rolling with what everybody knew was going to happen, which is if 1367C3 didn't apply, there was no ---- You see, the principal point is it doesn't matter because the district judge adhered to the prior ruling. The district judge didn't say, sorry, you abandoned that claim on appeal. The district judge didn't say, sorry, the court of appeals implicitly affirmed me on that because they didn't say otherwise. The district court said, for the same reasons I thought then, I still think now this should be dismissed. So it was considered. It may have been considered wrong. That's a perfectly fine and different argument that the judge failed to articulate adequately in either place what the reasoning was. But it seems to me that I have to think Mr. Pastore is fair to say she incorporated by reference her prior decision. Now, the prior decision sets out certain things. They may be inadequate. That's okay. That's an argument you can make. But don't we have to consider that as part of ---- The whole state law decision is two pages. One paragraph is about, well, the federal claims are gone now. And the rest goes on to consider other things. And it seems to me what she's saying is these parties don't care about the state claims. They haven't even explained to me what they are in any detail. They haven't explained why they should survive summary judgment. There is this other state case pending and so on. And she gave those reasons. Now, that may not be adequate. That's a reasonable argument. But that's the analysis we have to look at, I think. I agree that that is an analysis. We have set forth why she is incorrect. We have tried to assert, however, that she can't stand on her prior opinion, which was vacated by the decision. No, she can stand on the reasons that she gave. And obviously it's the reasons that she gave minus the one that is no longer extant. And so, you know, she and Mr. Pastore have to stand on that analysis and defend the judge's ultimate decision on the ground that those reasons are independently sufficient to dismiss the state law claims and not exercise pendant jurisdiction. If those reasons aren't adequate, then you win. If those arguments are adequate, then you lose. It's as simple as that. I understand that much. And I thank you for, you know, clarifying the situation for me. I would merely say with respect to the trial, which I read the whole transcript just like you read part of the transcript. I read the whole thing. And this case was all about this no-loss theory. I'm sorry. I just don't see it. I mean, I read the summations in detail. And, yeah, there's a lot of stuff. And you may well have been able to make an objection to some of the summation and say, well, Mr. Pastore is sort of sliding over into this other theory. But everything is packaged. All the stuff about their wealth that you object to now that you didn't object to when he said it is packaged as this is why you should find that they did not rely. That's, you know, and maybe that's not enough. You know, I take it that you're saying he harps a lot, for example, on how rich they are. But it is all packaged as a reliance case. It's packaged on this is why you should say that these guys were in it because they thought they could make a lot of money and they were willing to take the risk and they knew all about the risks. That's what he said. Maybe wrong. I would urge you to take a look at his opening and take a look at how he sells his hyper technical. Yeah, I know. But he has to sell it again in summation and he has to sell it in summation. And he does. In terms of what the court is going to say in their instruction and its instructions. Right. And the problem, quite frankly, was this issue when it was first brought up in Linnae should have been resolved then once and forever. And for whatever reason, the district court could not get her arms around this issue. And so what happened is it kept sliding and sliding and sliding. By the end, certainly, if she had given the instruction we wanted, she would be effectively telling the jury. And I understand this, that what Mr. Bestore has been telling you since moment one is not true. It is not a requirement of Section 10B that you pay yourself for the security. And she said she was afraid. She didn't want to get down in the weeds. She was afraid if she said anything more, it was going to result in juror confusion. But I'm saying that confusion was already evident when the juror asked a question and said, who's taking the tax loss here? That has nothing to do with economic loss. And the only reason it was allowed was because the question was allowed. And it shouldn't have been allowed. And I really, even though I wasn't the counsel. Is the opening in the appendix? Yes, it is. The whole opening is in the appendix. And I truly think, you know, I didn't try this case, but I think the counsel that did eight times tried to raise this issue. Eight. And never could get the district court to come to grips with it. And, you know, I don't know what else he could have done. Thank you, Mr. Smith. It was a path to a defense verdict. You certainly can see that path. And there's no way to know in a general verdict that the jury didn't go just there. Thank you very much. I appreciate your indulgence. Thank you. We'll take the matter under advisement.